P. MILLÓN & Co., SUCESORES, demandante y apelante, *v.* R.
CAAMAÑO y MANUEL GARCÍA, demandados y apelados.

` No. 4090.—*Visto:* Enero 26, 1927. *Resuelto:* Febrero 25, 1927.

DESISTIMIENTO Y ''NON SUIT''—INVOLUNTARIO—CASOS QUE SE DEJAN DE PROSE-
GUIR—INCOMPARECENCIA DEL DEMANDANTE EN EL JUICIO.—Cuando un deman-
dante deja de comparecer en el juicio y no media una reconvención o con-
trademanda, la corte no tiene jurisdicción para rendir una sentencia sobre
los méritos, ya a favor o en contra del demandante, sino para desestimar o
tener por abandonado al demandante de su demanda.

SENTENCIA de *Luis Samalea Iglesias,* J. (Arecibo), declarando sin
lugar la demanda, con costas. *Revocada,* teniéndose por desistido
al demandante de su ·demanda, sin costas.

*José G. Torres* y *Carlos del Toro Fernández,* abogados del apelante;
*José A. Vargas* y *Luis Mercader,* abogados de los demandados.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

Este es un pleito en cobro de un pagaré, alegando la
mercantil demandante haber sido suscrito a su orden por
los demandados, solidariamente.

El pagaré se copia en la demanda y los demandados R.
Caamaño y Manuel García, separadamente, impugnaron bajo
juramento su autenticidad. La demandante a su vez excep-
cionó las contestaciones de los demandados por · el motivo
de ser ambiguas, ininteligibles o dudosas. La corte deses-
timó las excepciones así como la eliminación que al mismo
tiempo solicitó la demandante en defecto de tener éxito sus
excepciones.

Más luego se llamó el caso para el juicio y no habiendo
comparecido la demandante, los demandados pidieron que
se celebrara el juicio y se dictara sentencia sobre los méri-
tos. La corte inferior así procedió, recibió la prueba que
ofrecieron los demandados y finalmente dictó sentencia de-
clarando sin lugar la demanda.

El artículo 192 del Código de Enjuiciamiento Civil dice:

"Se podrá desistir de una demanda, o declararse abandonada en
los casos siguientes:

"1. Por el mismo demandante en cualquier tiempo antes del juicio, previo pago de costas; salvo que mediase una reconvención, o que el demandado en su contrademanda o en la contestación, hubiere solicitado alguna resolución a su favor.  Si se hubiese acordado alguna medida provisional deberá el secretario entregar el documento de la fianza al demandado, quien podrá proceder contra el importe de la misma.

❊     ❊     ❊     ❊     ❊ ·     ❊     ❊

"3. Por la corte, cuando el demandante deje de comparecer en el juicio, y compareciendo el demandado, pida que se declare a aquél desistido."

De acuerdo con el inciso 3 lo que debieron pedir los demandados y así haberlo acordado la corte, no habiendo comparecido la demandante y no mediando una reconvención o contrademanda, es haber tenido por desistido a la demandante y no proceder sobre los méritos del pleito.  Bajo estas circunstancias, la corte inferior no tenía jurisdicción para rendir una sentencia decidiendo sus méritos, ya a favor o en contra de la demandante.  9 R.C.L. 209.

Señala además como error la demandante haberse desestimado las excepciones a las contestaciones.  Este error no existe.  Aun cuando las alegaciones de los demandados son algo confusas, de ellas se desprende en sustancia que ellos negaron la autenticidad del pagaré que se copia en la demanda porque alegan haber sido otro documento distinto el que firmaron bajo diferentes condiciones.  Se puede entender de ambas contestaciones que el verdadero documento no era exigible a la presentación de la demanda y que el demandado García lo suscribió en su carácter de testigo y no como deudor solidario.

*Por todo lo expuesto debe revocarse la sentencia y dictarse otra teniendo por desistido a los demandantes de su demanda, sin especial condenación de costas.*